## J. T. Giebner, Plff. in Err., *v.* W. C. Patterson.

Where a parol gift of land is executory and to be consummated by a deed which was not executed until after the owner conveyed the land to a third person, as against the latter's title the gift is invalid, although evidenced by letters from the owner and although the one to whom the parol gift was made and deed promised has taken and is in possession at the time of the conveyance.

(Argued October 14, 1886. Decided November 1, 1886.)

October Term, 1886, No. 113, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. Error to the Common Pleas of Mercer County to review a judgment on a verdict directed for plaintiff in an action of ejectment. Affirmed.

This action was brought by W. C. Patterson against J. T. Giebner to recover land in the possession of defendant.

Both parties claim the land in controversy through V. C. Giebner, W. C. Patterson by a deed duly executed and delivered April 23, 1884, and J. T. Giebner under a parol gift alleged to have been made about the last of December, 1881, and a deed in pursuance thereof executed subsequent to the deed to Patterson. The plaintiff put in evidence his deed from V. C. Giebner and rested. Defendant and his wife testified that about the last of December, 1881, V. C. Giebner, their son, gave the property to the defendant by parol and told him to go and take possession of it, which he did April 4, 1882, and which they still hold. The defendant offered in evidence portions of seven letters written by V. C. Giebner to him between January 17, 1882, and June 12, 1882, which contained the following material statements:

"I will do just as I agreed to do when I saw you. It is for you to say if you like the situation, and if you do the house is yours. You certainly have confidence in me to that extent. You make preparations to take the house in Mercer and if you find it satisfactory, I will stand by my agreement."

"Certainly I am going to do just what I told you I would when I left home; that is, you move to the house, and if you

like the place, I will deed the house over to you. Remember, I mean just what I say, so make your preparations to go there.

. . . Prepare to take the house and lot. I am your son and will do as I agreed."

"Do you still intend to take the house in Mercer? If so, and you want a deed, I will try and go home in March and get it for you."

"I am glad you have concluded to go to the Mercer house. I think the house will suit you well, and if it does it will be yours by deed."

"I do not think that I will have time to go to Pine Grove this spring, but I have directed S. Coleman to have whatever repairs are necessary and also a good fence (made). I will give you an order on him for money to move. I hope you will like the house, but if you don't we can sell it, and you can buy another with the money."

"If you are satisfied, if you like the house and lot which you occupy, please write up a deed for yourself and send it to me, and I will return it giving you full control."

"If you will send a deed in favor of yourself or mother, I will cheerfully sign it and return it, thus giving you a clear title to the property. I mean just what I say. I will send you a deed as sure as God is my judge. Please write up a deed and send it to me, and, my word as a son to a father, I will return the three deeds giving you full possession."

The defendant relied upon this evidence as establishing title by means of the gift by parol, afterwards acknowledged in the written letters so as to take the case out of the statute of frauds. The court withdrew the case from the jury and directed for the plaintiff; which action of the court defendant assigned as error.

*Mason & Mason,* for plaintiff in error.—The letters of V. C. Giebner to his father were a sufficient acknowledgment in writing to take the case out of the operation of the statute of frauds and perjuries. Mildren v. Pennsylvania Steel Co. 90 Pa. 317; Hart v. Carroll, 5 W. N. C. 379; M'Farson's Appeal, 11 Pa. 510, 511; Cadwalader's Appeal, 3 W. N. C. 2.

Defendant was in possession of the property, claiming it as his own, paying the taxes upon it, and exercising all acts of ownership over it. His possession was inconsistent with the title conveyed to and claimed by the plaintiff. It is as much the duty

of a purchaser to go upon the premises, and ascertain by what tenure the party in possession claims to hold, as it is to examine the records for claim of title or to ascertain whether liens exist. The authorities on this point are not only numerous but come down to a very recent date. Hottenstein v. Lerch, 12 W. N. C. 4; Rowe v. Ream, 14 W. N. C. 293; Jamison v. Dimock, 95 Pa. 55, 56; Berryhill v. Kirchner, 96 Pa. 489; Lord's Appeal, 105 Pa. 456.

*Miller & Gordon,* for defendant in error.—A gratuitous proposal to give away property at some future date, not even under seal, is no gift; it is simply nothing from a legal standpoint. A gift cannot be made by words *in futuro. Re* Campbell, 7 Pa. 100, 47 Am. Dec. 503; Poorman v. Kilgore, 26 Pa. 365, 67 Am. Dec. 524.

The fact that the agreement is in writing does not dispense with the necessity of a consideration. Whitehill v. Wilson, 3 Penr. & W. 405, 24 Am. Dec. 326.

Neither is the consideration of blood or natural affection sufficient to sustain the agreement in such a case. Kennedy v. Ware, 1 Pa. St. 450, 44 Am. Dec. 145.

PER CURIAM:

From the evidence offered by the plaintiff in error, who was defendant below, it is clear that the alleged gift was executory, and to be consummated by a deed which was not executed until after the conveyance to Patterson. His case was thus brought within the bar of the statute, and the court below properly directed a verdict for the plaintiff.

The judgment is affirmed.